IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARRYL RIGGINS, #184051,          :
                                  :
     Plaintiff,                   :
                                  :
vs.                               :   CIVIL ACTION NO. 18-00118-KD-B
                                  :
CYNTHIA STEWART, *et. al.*,       :
                                  :
     Defendants.                  :

## REPORT AND RECOMMENDATION

Plaintiff Darryl Riggins, an Alabama inmate, filed a complaint alleging violations under 42 U.S.C. § 1983, a motion to proceed without prepayment of fees, and a motion for a preliminary injunction. (Docs. 1, 2, 3). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. For the reasons set forth below, it is recommended that Plaintiff's motion for leave to proceed without prepayment of fees be **DENIED**, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This section is intended to curb abusive prisoner litigation by requiring prisoners who have had three actions or appeals dismissed as meritless to pay the full filing fee when their next action is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). "The only exception to section 1915(g) is if the frequent flier prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(citation omitted), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199, 215-16 (2007); see also Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)("[The] Eleventh Circuit [has] determined that a prisoner must allege a present imminent danger . . . under section 1915(g)"); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999)(noting that plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his complaint or that he was in jeopardy of any ongoing danger").

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered, after reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, that Plaintiff has at least three

2

actions or appeals that were previously dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See, e.g., Riggins v. Corizon, Inc., 2015 WL 1345196 (S. D. Ala. Mar. 23, 2015) (action deemed malicious under 28 U.S.C. § 1915(e)(2)(B)(i) and dismissed without prejudice pursuant to 28 U.S.C. § 1915(g)); Riggins v. Kuoy, 2014 WL 3764156 (S.D. Ala. Jul. 30, 2014) (action dismissed under § 1915(g) and for failure to pay the filing fee); Riggins v. Corizon Med. Serv., 2012 WL 5471248 (S.D. Ala. Oct. 19, 2012) (dismissed under § 1915(g) and for failure to pay the filing fee).[1]

Accordingly, in order to avoid the dismissal of the present action pursuant to § 1915(g), Plaintiff must satisfy the exception to § 1915(g). In other words, he must demonstrate that at the time he filed the instant complaint, he was "under imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

After carefully reviewing Plaintiff's allegations (Doc. 1), the Court cannot discern a claim showing that Plaintiff was under imminent danger of serious physical injury at the time he filed

---

[1] These cases represent a mere sampling of the actions brought by Plaintiff. An examination of PACER ("Public Access to Court Electronic Records") reflects that Plaintiff has filed more than twenty actions throughout the three federal districts in Alabama.

his complaint.  The gist of Plaintiff's complaint is that certain correctional officers told him that the Restrictive Housing Unit, where Plaintiff resides, "would explode[,] killing [and] crushing the inmates and officers" if the heat was turned on.  (Doc. 1 at 9).  Plaintiff also alleges that inmates are either being denied "sick call" screenings or having to wait for prolonged periods of time before receiving a sick call.  (Id.).  Plaintiff does not allege that the heat has been turned on, thereby ostensibly placing the Restrictive Housing Unit in imminent danger of exploding.  Further, Plaintiff has presented no facts suggesting that he is in imminent danger of a serious physical injury based on a denial or delay in receiving medical care.

In the absence of facts showing that Plaintiff was under "imminent danger of serious physical injury" at the time he filed his complaint, he cannot avail himself of § 1915(g)'s exception.  As a result, his failure to pay the $400.00 filing fee at the time he filed this action necessitates that this action be dismissed without prejudice.[2]  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full "filing fee at the time he initiates the

_____

[2] In light of the recommendation that Plaintiff's complaint be dismissed under § 1915(g), it follows that his motion for a preliminary injunction be likewise dismissed.  (Doc. 3).

suit") (emphasis in original); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2002) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced).    Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.*  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the

basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **March, 2018.**

/s/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE
